### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KENNETH ALLEBACH, JR.,** | : | **Honorable Madeline Cox Arleo** |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-5005 (JAG)** |
| | : | |
| **-v-** | : | |
| | : | |
| **RONALD CATHELL, et al.,** | : | **REPORT AND RECOMMENDATION** |
| | : | |
| **Defendants,** | : | |
| | : | |

### BACKGROUND

On October 16, 2006, <u>pro se</u> Plaintiff, Kenneth Allebach ("Plaintiff"), brought this civil rights action, pursuant to 42 U.S.C. § 1983, in connection with his incarceration at the Northern State Prison. Plaintiff asserted these claims against Defendants, Ronald Cathell, Michelle Ricci, Flora DiFillipo, Lt. Washington, Llydell Sherrer, Christine Dill, James Barbo, Lt. Emanual, Sgt. Ortiz, Sgt. Sorbino, Officer Melendez, Officer Miller, James Calloway, Officer Forde, Sgt. Nso, Officer Lafura, Captain Blevins, Officer Cotto, and Officer Santiago ("Defendants").[1] At the time Plaintiff filed his Complaint, he was incarcerated.

After Defendants filed Answers to the Complaint, this Court issued a Scheduling Order on January 17, 2008 with a discovery end date of May 1, 2008. On March 20, 2008, this Court issued a Superseding Scheduling Order, with discovery closing on August 1, 2008.

Following the close of discovery, on October 8, 2008, this Court issued a Letter Order scheduling a Final Pretrial Conference on November 20, 2008. On October 27, 2008, and again on

---

[1] On February 6, 2007, District Judge Greenaway issued an Order, dismissing Plaintiff's Complaint against Defendants James Barbo, Officer Miller, Officer Cotto, and Officer Santiago because the Complaint failed to raise any allegations against these individuals.

October 28, 2008, the Letter Order was returned as "undeliverable" to the Court because Plaintiff had been released from the Northern State Prison in August 2008. Yet, Plaintiff did not provide the Court with his new address upon his release from prison.

On October 28, 2008, Defendant DiFillipo moved for summary judgment. On November 13, 2008, defense counsel Deputy Attorney General, Keith Massey advised the Court of his unsuccessful attempts to locate Plaintiff following his release from the Northern State Prison.

Specifically, Plaintiff was paroled, sent to Florida pursuant to a detainer, and thereafter released in Florida on his own recognizance. He failed to report to the Parole Board, and a fugitive warrant was issued for his arrest. (Dkt. Entry No. 54). Even though Plaintiff failed to notify the Court and Defendants of his change in address, pursuant to Local Civil Rule 10.1(a), this Court did not adjourn the Final Pretrial Conference. On November 20, 2008, Plaintiff did not attend the Final Pretrial Conference.

By letter dated December 1, 2008, DAG Massey advised the Court that the State Parole Board had listed Plaintiff's last known address at the Ocean County Jail in Toms River, New Jersey. He was apparently arrested pursuant to the fugitive warrant. (Dkt. Entry No. 55).

On January 20, 2009, this Court issued a Letter Order, directing Plaintiff to notify the Court if his residence changes in the future. The Court warned that failure to do so would result in sanctions up to and including dismissal of the Complaint. The Court dismissed the pending summary judgment motion, and directed defense counsel to re-file the motion by January 31, 2009. If Plaintiff failed to respond by March 15, 2009, the Court would consider the motion unopposed. The January 20, 2009 Order was mailed to Plaintiff at the Ocean County Jail, but was returned as "undeliverable" because Plaintiff was no longer housed at that prison.

As a result, defense counsel did not refile its summary judgment motion. Instead, by letter dated March 4, 2009, DAG Massey requested leave to file a motion to dismiss pursuant to Local Civil Rule 10.1(a), or alternatively, to file a summary judgment motion.

Thereafter, on its own initiative, the Court attempted to locate Plaintiff. Plaintiff's parole officer advised the Court that his last known address was "3 Leroy Street, South River, New Jersey 08881." On April 8, 2009, the Court issued a Letter Order, informing Plaintiff that he would be given one final opportunity to prosecute his case. The Court scheduled an in person scheduling/settlement conference on April 24, 2009. The Court warned that failure to attend would result in sanctions, up to and including dismissal of the Complaint.

On April 13, 2009, Chambers received a telephone call from Plaintiff, indicating that he had not received any of the Court's previous Orders. Plaintiff also provided his current address: "61 Sumner Avenue, # 105, Seaside Heights, New Jersey 08751." On April 15, 2009, this Court issued a Letter Order, enclosing the April 8, 2009 Order, which had scheduled the April 24, 2009, in person conference. The April 15, 2009 Order further directed Plaintiff to notify the Court of any changes in his address.[2] Thereafter, Plaintiff informed the Court that his new address was "229 Franklin Avenue, Seaside Heights, New Jersey 08751." On April 23, 2009, the Court issued a Letter Order, rescheduling the mandatory April 24, 2009 in person conference for April 28, 2009.

On April 28, 2009, defense counsel appeared at the conference. However, Plaintiff failed to attend on that date. On April 29, 2009, this Court issued an Order to Show Cause, which was returnable on May 21, 2009. The Order directed Plaintiff to show cause why monetary and/or reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f) for his failure to attend

---

[2] The April 15, 2009, Letter Order was returned as "undeliverable," on April 29, 2009.

the Court ordered scheduling conference on April 28, 2009.  The Order to Show Cause was sent to Plaintiff at his more recent Seaside Heights address.  On May 21, 2009, Plaintiff failed to appear as directed by this Court.

As of this date, Plaintiff has neither responded to this Court's April 30th Order to Show Cause, nor provided this Court with any change in his address.

## DISCUSSION

Plaintiff's failure to prosecute this action and attend Court ordered scheduling conferences requires this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action.  Poulis, 747 F.2d at 868.  The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.  Each factor will be discussed in turn.

1.    The Extent of the Party's Personal Responsibility

First, after Plaintiff's release from the custody of Northern State Prison, in August 2008, he failed for eight months to provide the Court with his address, despite his obligation to do so, pursuant to L. Civ. R. 10.1(a).  Both defense counsel and this Court have made repeated attempts to ascertain Plaintiff's last known address, but to no avail.  Plaintiff's failure to comply with the Orders of this Court and Rule 10.1(a) demonstrate his personal lack of responsibility in prosecuting

his claim.  Accordingly, such conduct weighs in favor of dismissal.

     2.     <u>Prejudice to the Adversary</u>

Second, Plaintiff's repeated failure to inform this Court or his adversary of his current address and failure to appear for mandatory in person conferences makes it impossible to determine his interest in pursuing this action, and for summary judgment motions to be filed or a final pretrial conference to be scheduled.  I am satisfied that Defendants have been prejudiced by Plaintiff's failure to prosecute this case and comply with this Court's Orders and Local Civil Rules.

     3.     <u>A History of Dilatoriness</u>

Third, Plaintiff's actions indicate a history of non-compliance.  As noted above, Plaintiff has repeatedly failed to attend court conferences since his release from prison.  Defense counsel and the Court made several attempts to locate Plaintiff – although it was Plaintiff's responsibility to advise us of his address – so that he could attend the scheduled Final Pretrial Conference and oppose Defendants' summary judgment motion.  He never appeared.  Furthermore, even after Plaintiff ultimately contacted the Court with his current address, he failed to attend the mandatory in person conference scheduled for April 28, 2009 and appear before this Court on May 21, 2009 in response to the Order to Show Cause.

     4.     <u>Whether the Attorney's Conduct was Wilful or in Bad Faith</u>

The fourth <u>Poulis</u> factor is not applicable here because Plaintiff is appearing as a <u>pro se</u> litigant.  Yet, Plaintiff has not provided this Court with any justification for his non-compliance in this matter beyond representing that he had not received the Court's orders before April 13, 2009. Indeed, after the Court mailed its April 15, 2009 Order, April 23, 2009 Order, and April 30, 2009 Order to Show Cause to the address provided by Plaintiff, he failed to appear for the mandatory

conferences or otherwise pursue his civil action.  I am satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his pattern of dilatoriness and lack of cooperation.

      5.    <u>Alternative Sanctions</u>

Fifth, alternative sanctions would not be appropriate. Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.

      6.    <u>Meritoriousness of the Claim</u>

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice. Not all of the <u>Poulis</u> factors need to be satisfied in order to enter a dismissal.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, following his release from prison in August 2008, Plaintiff failed both to prosecute this action and to comply with Orders of this Court or Local Civil Rule 10.1(a).  As such, a final pretrial conference cannot be scheduled, and Defendants cannot move for summary judgment.  Therefore, the sanction of dismissal is merited.

## **<u>CONCLUSION</u>**

For the reasons set forth above, I  recommend that the Plaintiff's Complaint be dismissed with prejudice.  The parties have ten (10) days from receipt hereof to file and serve objections.

                            Respectfully submitted,

                            *s/Madeline Cox Arleo*
                            **MADELINE COX ARLEO**
                            **United States Magistrate Judge**

Dated: June 18, 2009