# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :

KENNETH ALLEBACH, JR.,          :

                                 :

        Plaintiff,            :

                                 :        Civil Action No. 06-5005 (JAG)

        v.               :

                                 :        **ORDER**

RONALD CATHELL, et al.,        :        **CLOSED**

                                 :

        Defendants.        :

_____:


## GREENAWAY, JR., U.S.D.J.

On June 19, 2009, Magistrate Judge Madeline Cox Arleo filed a Report and Recommendation ("R&R") (Docket Entry No. 65), pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2), wherein she recommended that the complaint be dismissed as a sanction for failing to comply with various court orders. The time for filing objections to the R&R has expired, and no objections were submitted.

A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review. In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also Fed. R. Civ. P. 72(b). This Court has reviewed the parties' submissions and the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Arleo's analysis and conclusion.[1] Therefore,

---

[1] Specifically, Judge Arleo's R&R details the procedural history of this case, including the Court's extensive efforts to locate plaintiff, Kenneth Allebach ("Plaintiff"), and Plaintiff's repeated failure to respond to numerous orders issued by the Court. To summarize, Plaintiff was

released from Northern State Prison in August 2008, but failed to notify the court of his new address. As a result, orders mailed to him in October were returned as undeliverable. By letter dated November 13, 2008, Deputy Attorney General Keith Massey informed Judge Arleo of his office's unsuccessful attempts to locate Plaintiff, who, at that time, had a fugitive warrant out for his arrest in Florida, where he had been sent upon his release from Northern State Prison. Plaintiff failed to attend the final pretrial conference hearing on November 20, 2008. By letter dated December 1, 2008, Deputy Attorney General Massey informed the court that Plaintiff was arrested pursuant to the fugitive warrant and was being detained in Ocean County Jail in Toms River, New Jersey. Judge Arleo issued an order on January 20, 2009, instructing Plaintiff to inform the court of any future address changes. The order included a warning that failure to inform the court of address changes would result in sanctions, including dismissal of the complaint. Since Plaintiff was no longer housed at the Ocean County Jail, that order was returned as undeliverable. Judge Arleo then undertook to locate Plaintiff. That effort disclosed that Plaintiff's last known address, according to his parole officer, was in South River, New Jersey. On April 8, 2009, Judge Arleo issued a letter order, scheduling an in-person pretrial scheduling conference and warning Plaintiff that failure to appear would result in sanctions, up to and including dismissal. In a telephone call to chambers on April 13, 2009, Plaintiff notified Judge Arleo of his then-current address in Seaside Heights, New Jersey. Judge Arleo issued a new order on April 15, 2009, forwarding the April 8th order, and directing Plaintiff to notify the court of any changes of address. The April 15th order was returned as undeliverable. Plaintiff notified the court that his address had changed to a different location in Seaside Heights, New Jersey. On April 23, 2009, Judge Arleo issued another order rescheduling the in-person conference from April 24, 2009 to April 28, 2009. Plaintiff failed to appear at the pretrial conference. Judge Arleo issued an order to show cause why sanctions, including dismissal, should not be imposed upon Plaintiff for failing to comply with the court's orders. Plaintiff failed to respond to the order to show cause.

After recounting the procedural history of this case, Magistrate Judge Arleo applied the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), and concluded that dismissal of the complaint was warranted. In Poulis, the Court of Appeals for the Third Circuit set forth six factors which must be considered in determining whether to dismiss a plaintiff's complaint as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites. Those factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. Magistrate Judge Arleo concluded that (1) upon his release from prison, Plaintiff failed to notify the Court of his new address for over eight months, thus demonstrating his personal lack of responsibility for prosecuting his case, (2) defendants were prejudiced by Plaintiff's failure to prosecute his case, (3) the record demonstrates a history of non-compliance and dilatoriness, (4) the fourth factor regarding attorney conduct did not apply, (5) no alternative sanction would be

IT IS, on this 15th day of July, 2009,

ORDERED that Magistrate Judge Arleo's R&R  (Docket Entry No. 65) is adopted as the opinion of the Court; and it is further

ORDERED that the case is DISMISSED, with prejudice; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.                    
JOSEPH A. GREENAWAY, JR., U.S.D.J.

_____

appropriate, and (6) she could not determine the merits of the claim based upon a review of the pleadings.